J-A32003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: K.J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.W. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1260 MDA 2017 |

Appeal from the Order Entered July 12, 2017
In the Court of Common Pleas of Berks County
Orphans' Court at No(s): 85249

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY OTT, J.:                **FILED NOVEMBER 21, 2017**

T.W. (Stepfather) appeals the order entered July 12, 2017, in the Court of Common Pleas of Berks County, that denied his petition to terminate the parental rights of M.K. (Father) to K.J.K. (Child), the minor child of Father and T.J.W. (Mother), to adopt Child.  We are unable to address the merits of this appeal, and therefore remand for a supplemental opinion.

In this appeal, we apply the following standard of review:

[A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights.  As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. ***In re R.J.T.***, 608 Pa. 9, 9 A.3d 1179, 1190 (Pa. 2010).  If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. ***Id.***; ***R.I.S.***, [614 Pa. 275, 284,] 36 A.3d 567, 572 (Pa. 2011) (plurality opinion)].  As has

_____

* Retired Senior Judge assigned to the Superior Court.

been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. *Id.*; *see also Samuel Bassett v. Kia Motors America, Inc.*, 613 Pa. 371, 34 A.3d 1, 51 (Pa. 2011); *Christianson v. Ely*, 575 Pa. 647, 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. *Id.*

As we discussed in *R.J.T.*, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. *R.J.T.*, 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, 650 A.2d 1064, 1066 (Pa. 1994).

*In re Adoption of S.P.*, 47 A.3d 817, 826-827 (Pa. 2012).

The trial court has authored an opinion, dated July 12, 2017, in support of its order. However, the trial court's opinion contains a "discussion" and "findings," without any citation to 23 Pa.C.S. § 2511(a) or (b) and no legal analysis of whether Appellant failed to present clear and convincing evidence under § 2511(a)(1) or whether the trial court denied termination solely under § 2511(b). Without such an analysis, we cannot conduct meaningful appellate review of the parties' assertions of error.

Therefore, we find it necessary to remand this case to the trial court for a comprehensive opinion reflecting a full discussion of the testimony

presented at the hearing, the trial court's credibility determinations and an analysis of the evidence under Section 2511(a)(1) and (b), and particularly as it relates to any bond between Father and Child. The trial court's supplemental opinion is due in this Court in 20 days.

Appellant shall have seven days thereafter to file a supplemental brief, and Father and Child shall have seven days to file responsive briefs. The Prothonotary is directed to set a briefing schedule for the supplemental briefs and list the appeal before the next available argument panel following receipt of the Pa.R.A.P. 1925(a) supplemental opinion.

Case remanded with instructions. Jurisdiction retained. Panel jurisdiction relinquished.